(106 So. 41)

## STEWART BROS. v. LINDSEY. (8 Div. 793.)

(Supreme Court of Alabama. Nov. 5, 1925.)

**1. Chattel mortgages ⚖️178(1) — Conflict in testimony as to whether mortgagees accepted new mortgage held for jury.**

Conflict in testimony as to whether mortgagees accepted new mortgage, thereby extinguishing prior mortgage, *held* for jury.

**2. Chattel mortgages ⚖️178(1)—Refusal to give mortgagees' requested charge held error.**

In action for conversion of bay horse mule claimed by plaintiffs under a mortgage executed by S. and O., and claimed by defendant under a prior past-due mortgage executed by S. and foreclosed, plaintiffs contending defendant had traded the mule to their comortgagor O., and defendant contending he traded to O. a mule other than the bay horse mule, requested charge of plaintiffs that if defendant traded, sold, and delivered the bay horse mule to O. and the latter was in possession of it under such purchase at the time O. and S. executed the mortgage to plaintiff, verdict should be for plaintiffs, *held* improperly refused in view of evidence justifying its submission.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Action in trespass and trover by Stewart Bros. against J. W. Lindsey. From a judgment for defendant, plaintiffs appeal. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed in part; in part reversed and remanded.

The following charge was refused to plaintiffs:

(1) "If on March 20, 1920, J. W. Lindsey had traded for the bay horse mule back from J. W. Sharpley and had sold and delivered it *to W. C. Orr, and W. C. Orr was in possession of it under such purchase* at the time he and J. W. Sharpley executed to Stewart Bros. their mortgage to secure $961.70, then your verdict should be for the plaintiff as to this mule."

Sample & Kilpatrick, of Hartsells, for appellant.

Charge 1, requested by plaintiffs, correctly states the law and it was error to refuse it. The taking by defendant of the two older mules was an unlawful interference with plaintiffs' right of possession. Graves & Gross v. Leach, 192 Ala. 164, 68 So. 297; Daniel Bros. v. Jordan, 146 Ala. 231, 40 So. 940.

Tennis Tidwell, of Albany, for appellee.

Charge 1, refused to plaintiffs, was argumentative, and thus properly refused. R. R. Co. v. Guest, 144 Ala. 373, 39 So. 654; Ala. C. C. & I. Co. v. Heald, 168 Ala. 626, 53 So. 162; Herzberg v. Little, 171 Ala. 368, 54 So.

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

635; 12 Michie's Ala. Dig. 454. Whether plaintiffs' mortgage on the two mules was discharged by the subsequent mortgage taken by plaintiffs was properly left to the jury. 11 C. J. 685.

SAYRE, J. Appellants claimed damages for that defendant wrongfully took and, in a separate count, converted two bay mules about ten years old, and in separate counts—to the joinder of which there was no objection—that he wrongfully took and converted one bay mule about six years old. There was verdict and judgment for defendant.

[1] As to the two elder mules: Defendant got them in a trade with W. C. Orr for two black mules. On February 17, 1919, Orr had mortgaged the two mules in controversy to plaintiffs, and plaintiffs claimed right and title under this mortgage. But on March 27, 1920, after the trade between himself and defendant, Orr had executed another mortgage to plaintiffs, covering the indebtedness secured by the former mortgage and something more. In this mortgage the two black mules were included; from it the two bay mules were omitted. Plaintiffs retained the mortgage of February 17, 1919. Defendant contended that with full knowledge of the relevant facts plaintiffs had accepted the mortgage on the black mules in substitution for the two bay mules, the former being worth very much more than the latter. As to this contention the evidence was in conflict, and the issue was properly submitted to the jury for decision. The jury found with the defendant, in effect, that the mortgage under which plaintiffs claimed had been extinguished by the later mortgage which did not include the mules in controversy. It cannot be said that this issue was erroneously submitted to the jury, or that the court erred in overruling plaintiffs' motion for a new trial.

[2] As to the other mule, plaintiffs claimed right and title under a past-due mortgage of date March 20, 1920, executed and delivered to them by John W. Sharpley and W. C. Orr. Defendant claimed and had taken possession of this mule under a prior mortgage from Sharpley which he had foreclosed. Plaintiffs' contention seems to have been that defendant had traded this mule to their mortgagor Orr, who was in possession at the time of his mortgage to them, and so that they had acquired a mortgage title from him. Defendant at one point denied that he had traded this mule to Orr, insisting as a witness that he had got another mule from Sharpley, which he had traded to Orr for a horse, and that this last-mentioned mule was the mule embraced in Orr's mortgage. As to this, however, his testimony was not consistent, for at one point his testimony was in agreement with appellants' contention. There was therefore evidence tending to sustain the hypothe-sis of fact shown by the charge which we have designated on the margin of the record as "charge 1," and the court erred in its refusal to appellants.

The charge is not argumentative; it does not refer to the testimony of any particular witness; it merely hypothesizes facts which the jury would have been authorized to find as sustained by evidence.

Nor can its refusal be justified on the idea that the record fails to set out all the evidence. The bill of exceptions purports to contain all the evidence, and its recital to that effect is not contradicted by the statement that "Mrs. J. W. Lindsey"—probably meaning "J. W. Lindsey"—identified the mortgage under which defendant claimed title, or by the fact that the substance of that mortgage in every material respect is set forth rather than the instrument in hæc verba.

Our conclusion is that so much of the judgment under review as denied appellants' right to recover the two mules described in the first and second counts of the complaint should be affirmed. As to the mule described in the third count the judgment is reversed, and the cause remanded for another trial. The costs of appeal will be taxed against appellee.

Affirmed in part; in part reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.